GANSEVOORT FREEZING & COLD–STORAGE CO. v. WESSELS CO.

(Superior Court of New York City, General Term.    July 2, 1894.)

APPEAL—REVERSAL—VERDICT IN EXCESS OF CLAIM.
    Where a verdict exceeds the amount claimed, a judgment entered thereon will be reversed unless the successful party remits the excess.

Appeal from jury term.

Action by the Gansevoort Freezing & Cold-Storage Company against the Wessels Company. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed on condition.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

M. S. & I. S. Isaacs (Julius J. Frank, of counsel), for appellant.
Charles E. Hill, for respondent.

GILDERSLEEVE, J.    This is an appeal from a judgment for $990.77 entered on the verdict of a jury in favor of the defendant, against the plaintiff, on a counterclaim, and from an order denying a motion for new trial. The defendant delivered to plaintiff, for storage, a number of boxes of oranges, which, according to the defendant's claim, the plaintiff agreed to keep in store at a temperature of 38 degrees, or from 34 to 36 degrees. No contention arises over the number of boxes of oranges delivered to the plain-

tiff, and returned to the defendant, nor is there any dispute as to the price per box for storage. At the trial, plaintiff's cause of action was conceded, subject to defendant's counterclaim. The affirmative of the issue was assumed by the defendant, and it undertook, for the purpose of sustaining the counterclaim, to establish the following facts: (1) That the oranges were in good condition when delivered to the plaintiff; (2) that when taken from plaintiff's warehouse, and received by defendant, while some of the oranges were in good condition, many of them were more or less damaged, and some had become entirely unfit for market, and were a total loss; (3) that the proximate cause of this damage was the failure of the plaintiff to perform its contract to keep the oranges in store at the agreed temperature. On these questions, there was some conflict of evidence, and especially as to the last alleged fact. It must be said that the testimony bearing upon these alleged facts raised a fair conflict of evidence, which it was the province of the jury to weigh and decide. The jury were warranted in finding, as they did, that the plaintiff failed to keep its contract, and that damage resulted therefrom. The amount of the damage was not shown as sharply and definitely, and with as much exactness and certainty, as is desirable. A more precise and detailed examination of the defendant's witnesses on this branch of the case would have given the jury an easier task. But the amount of damage may nevertheless be said to be established by a fair preponderance of evidence.

The learned judge presiding at the trial, from figures handed up by the counsel on both sides, stated to the jury, without objection or exception, that "the plaintiff claims $459.50, and, in opposition to that, the defendant claims that there is owing to him $1,121.82." It must be assumed that these were the maximum claims of the respective parties, with interest added. As we have already said, the plaintiff's claim was conceded. The verdict, therefore, should have been for the difference between the two amounts named, to wit, the sum of $662.32. Since the verdict was for $800, it follows that the judgment should be reduced by deducting therefrom the sum of $137.68. The court laid down the correct rule as to the measure of damages.

We are of opinion that the issues were presented to the jury by a fair—and, on the whole, correct—charge. There is no error in the admission or exclusion of evidence that calls for reversal. The judgment and order must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the respondent stipulates to reduce the recovery by deducting therefrom the sum of $137.68, in which case the judgment, as modified, will be affirmed, but without costs to either party. All concur.